1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MORGAN, LEWIS & BOCKIUS LLP**
JOSEPH DUFFY (SBN 241854)
JOSEPH V. QUATTROCCHI (SBN 257568)
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:        213.612.2500
Fax:       213.612.2501
Email:    jduffy@morganlewis.com
              jquattrocchi@morganlewis.com

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JOHN ALFRED RITTER,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK,<br>NATIONAL ASSOCIATION;<br>NORTHWEST TRUSTEE<br>SERVICES, INC.; and Does 1 to 50,<br><br>Defendants. | Case No. 2:14-cv-00375-SJO(SHx)<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A'S NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Concurrently Filed With Defendant's Request For Judicial Notice*]<br><br>Date:       February 24, 2014<br>Time:      10:00 a.m.<br>Judge:     Hon. S. James Otero<br>Crtrm:     1<br><br>Trial Date:Not Yet Set<br>Date Action Filed: December 16, 2013 |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on February 24, 2014 at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 1, before the Honorable S. James Otero of the United States District Court, Central District of California, 312 North Spring Street, Los Angeles, CA 90012, Defendant JPMORGAN CHASE BANK, N.A. ("Defendant") will move the Court pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing the Complaint of JOHN ALFRED RITTER ("Plaintiff") filed on December 16, 2013 and all claims alleged against Defendants.

The grounds for this motion are (1) that this entire action is precluded by the doctrine of judicial estoppel; (2) the Complaint's three causes of action are time-barred; (3) Plaintiff has failed to state a claim against Defendant upon which relief can be granted [Fed. Rule Civ. Proc. 12(b)(6)]; (4) Plaintiff has failed to join his wife as a necessary and indispensible party to this action; (5) Plaintiff has failed to attached the underlying promissory note to his pleadings; and (6) the defects in the Complaint are such that they are incurable and the Complaint is incapable of amendment. Accordingly, the Complaint and the claims brought against Defendants therein should be dismissed with prejudice.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 17, 2014.

Dated: January 23, 2014

**Respectfully submitted,**

**MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ *Joseph V. Quattrocchi*

JOSEPH V. QUATTROCCHI
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 24608416.1

2

NOTICE OF HEARING AND MOTION TO DISMISS

# MOTION

Defendant JPMORGAN CHASE BANK, N.A. ("Defendant") hereby moves the Court pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing the Complaint of Plaintiff JOHN ALFRED RITTER ("Plaintiffs") filed on December 16, 2013 and all claims alleged against Defendants.

The grounds for this motion are (1) that this entire action is precluded by the doctrine of judicial estoppel; (2) the Complaint's three causes of action are time-barred; (3) Plaintiff has failed to state a claim against Defendant upon which relief can be granted [Fed. Rule Civ. Proc. 12(b)(6)]; (4) Plaintiff has failed to join his wife as a necessary and indispensible party to this action; (5) Plaintiff has failed to attached the underlying promissory note to his pleadings; and (6) the defects in the Complaint are such that they are incurable and the Complaint is incapable of amendment.

Accordingly, Defendants respectfully request that this Court dismiss the Complaint and the claims brought against Defendants therein with prejudice.

Dated: January 23, 2014

**Respectfully submitted,**

**MORGAN, LEWIS & BOCKIUS LLP**


By: /s/ *Joseph V. Quattrocchi*
JOSEPH V. QUATTROCCHI
Attorneys for Defendant
JP MORGAN CHASE BANK, N.A.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 24608416.1

3

NOTICE OF HEARING AND MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION AND SUMMARY OF THE ARGUMENT .................1

II.    FACTS AS SUPPORTED BY PLAINTIFF'S SWORN FILINGS &
THE PUBLIC RECORD ...............................................................................1

III.   LEGAL STANDARD ..................................................................................3

IV.   THIS ACTION IS BARRED BY THE DOCTRINE OF JUDICIAL
ESTOPPEL..................................................................................................3

     A.    Plaintiff Did Not Disclose Any Adversarial Challenge To The
HELOC'S Validity In His Bankruptcy Schedules...............................4

     B.    Plaintiff Twice Scheduled The HELOC In His Bankruptcy
Petition As A Valid Secured Claim And Is Now Precluded From
Taking A Contrary Position ..............................................................8

V.    ANY CLAIM THAT CHALLENGE'S THE HELOC'S VALIDITY IS
NECESSARILY TIME-BARRED.................................................................10

VI.   PLAINTIFF HAS FAILED TO JOIN HIS WIFE AS AN
INDISPENSIBLE PARTY TO THIS ACTION ............................................11

VII.  PLAINTIFF HAS FAILED TO ATTACH THE SUBJECT
PROMISSORY NOTE TO HIS PLEADINGS .............................................12

VIII. PLAINTIFF'S INDIVIDUAL CAUSES OF ACTION FAIL .....................13

     A.    Plaintiff Fails To State Any Cognizable Cause Of Action................13

     B.    Plaintiff Admits To Executing The Loan Documents And Is
Therefore Imputed With Knowledge Of The HELOC's Terms .........14

     C.    Plaintiff Has Not Alleged Underlying Unsconscionability Of
Contract ..........................................................................................16

IX.   PLAINTIFF SHOULD NOT BE GIVEN LEAVE TO AMEND ................18

X.    CONCLUSION ........................................................................................19

i

1

# TABLE OF AUTHORITIES

2
**Page**

3
**FEDERAL CASES**

4

*Ashcroft v. Iqbal*

5
   556 U.S. 662 (2009)..................................................................3

6
*Bell Atlantic Corp. v. Twombly*

7
   550 U.S. 544, 127 S. Ct. 1955 (2007) ...............................3

8
*Bonin v. Calderon*

9
   59 F.3d 815 (9th Cir, 1995).................................................18

10
*Cusano v. Klein*

11
   264 F.3d 936 (9th Cir. 2001)...........................................4, 8

12
*First Nat'l Bank v. Lasater*

13
   196 U.S. 115 (1905)...............................................................5

*Fletcher Aircraft Co. v. Bond*

14
   77 F.R.D. 47 (C.D. Cal. 1977) .........................................12

15
*Hamilton v. State Farm Fire & Cas. Co.*

16
   270 F.3d 778 (9th Cir. 2001)...............................................6

17
*Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*

18
   331 B.R. 424 (9th Cir. B.A.P. 2005)...................................8

19
*IBM Corp. v. Conner Peripherals*

20
   1994 U.S. Dist. LEXIS 2884 (N.D. Cal. 1994) ...............11

21
*In re Coombs*

22
   193 B.R. 557 (Bankr. S.D. Cal. 1996)................................4

23
*In re Degenaars*

24
   261 B.R. 316 (Bankr. M.D. Fla. 2001) ..............................4

25
*In re Lasky*

26
   364 B.R. 385 (Bankr. C.D. Cal. 2007)................................8

27
*In re Lopez*

   283 B.R. 22 (9th Cir. BAP 2002) ........................................5

28

ii

# TABLE OF AUTHORITIES

**Page**

*Miller v. Rykoff-Sexton, Inc.*
  845 F.2d 209 (9th Cir. 1988)........................................................................18

*Navarro v. Block*
  250 F.3d 729 (9th Cir. 2001)..........................................................................3

*Neighbors v. Mortgage Electronic Registration System*
  2009 U.S. Dist. LEXIS 5302 (N.D. Cal. 2009) ..............................................6

*New Hampshire v. Maine*
  532 U.S. 742 (2001)........................................................................................9

*O'Halloran v. First Union Nat. Bank of Florida*
  350 F.3d 1197 (11th Cir. 2003) ..................................................................4, 8

*Sprewell v. Golden State Warriors*
  266 F.3d 979 (9th Cir. 2001)........................................................................15

*Stein v. United Artists Corp.*
  691 F.2d 885 (9th Cir. 1982)..........................................................................5

*Vertkin v. Wells Fargo Home Mortg.*
  2010 U.S. Dist. LEXIS 94105 (N.D. Cal. 2010)............................................4

*Vreugdenhill v. Navistar Intl Transp. Corp.*
  950 F.2d 524 (8th Cir. 1991)..........................................................................4

*Whaley v. Belleque*
  520 F.3d 997 (9th Cir. 2008).......................................................................8, 9

**CALIFORNIA CASES**

*Armendariz v. Foundation Health Psychare Services, Inc.*
  24 Cal.4th 83 (2000) ....................................................................................16

*Bank of America Corp. v. Superior Court*
  198 Cal.App.4th 862 (2011)..........................................................................17

*Bruni v. Didion*
  160 Cal.App.4th 1272 (2008).......................................................................16

iii

# TABLE OF AUTHORITIES

**Page**

*Byrne v. Harvey*
    211 Cal.App.2d 92 (1962)....................................................................13

*Chin v. Advanced Fresh Concepts Franchise Corp.*
    194 Cal.App.4th 704 (2011)...........................................................13, 16

*Discover Bank v. Superior Court*
    36 Cal.4th 148 (2005) .....................................................................16

*E-Fab, Inc. v. Accountants, Inc. Services*
    153 Cal.App.4th 1308 (2007)............................................................10

*Fayroyan-Mezhlumyan v. Wells Fargo Bank, N.A.*
    202 Cal.App.4th 195 (2011)..............................................................17

*Gelb v. Benjamin*
    78 Cal.App.2d 881 (1947)................................................................13

*Gilmore v. Lycoming Fire Ins. Co.*
    55 Cal. 123 (1880) ........................................................................13

*Gottlieb v. Kest*
    141 Cal.App.4th 110 (2006)........................................................6, 7, 8

*Hamilton v. Greenwich Investors XXVI, LLC*
    195 Cal.App.4th 1602 (2011)..........................................................6, 7

*Harris v. Rudin, Richman & Appel*
    74 Cal.App.4th 299 (1997)...............................................................12

*Hartley v. Superior Court*
    196 Cal.App.4th 1249 (2011)...........................................................13

*Holly Sugar Corp. v. Johnson*
    18 Cal.2d 218 (1941) .................................................................12, 13

*Kim v.Sumitomo Bank*
    17 Cal.App.4th 974 (1993)...............................................................14

*Nymark v. Heart Fed. Sav. & Loan Ass'n*
    231 Cal.App.3d 1089 (1991).............................................................15

iv

# TABLE OF AUTHORITIES

**Page**

*Otworth v. S. Pac. Transp. Co.*
166 Cal.App.3d 452 (1985) , 459......................................................12, 13

*Pac. State Bank v. Greene*
110 Cal.App.4th 375 (2003)......................................................14

*Perlas v. GMAC Mortgage, LLC*
187 Cal.App.4th 429 (2010)......................................................15, 17

*Ragland v. U.S. Bank National Assn.*
209 Cal.App.4th 182 (2012)......................................................15

*Tracy Press, Inc. v. Superior Court*
164 Cal.App.4th 1290 (2008)......................................................11, 12

*Wagner v. Benson*
1101 Cal.App.3d 27 (1980)......................................................15

*Washington Mut. Bank v. Blechman*
157 Cal.App.4th 662 (2007)......................................................12

*Wise v. Southern Pacific Co.*
223 Cal.App.2d 50 (1963)......................................................12

**FEDERAL STATUTES**

11 U.S.C. § 362 ......................................................2

11 U.S.C. § 521(1)......................................................6

11 U.S.C. § 541 ......................................................4

11 U.S.C. § 704 ......................................................4

11 U.S.C. § 727 ......................................................2

11 U.S.C. § 1307(a)......................................................2

Fed. R. Civ. P. 12(b)(6)......................................................3

Fed. R. Civ. P. 19......................................................11

# TABLE OF AUTHORITIES

**Page**

Fed.R. Civ. P. 19(a) ........................................................................................11

Fed. R. Evid. 801(d)(2) ....................................................................................8

**CALIFORNIA STATUTES**

*Cal. Code Civ. Proc.* § 312 .............................................................................10

*Cal. Code Civ. Proc.* § 337 ............................................................. 10, 11, 14, 16

*Cal. Code Civ. Proc.* § 338 (a)-(d) ................................................................11

*Cal. Code Civ. Proc.* § 340 .............................................................................11

*Cal. Code Civ. Proc.* § 343 .............................................................................11

vi

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND SUMMARY OF THE ARGUMENT

Plaintiff JOHN RITTER'S ("Plaintiff") Complaint relates to a Home Equity Line of Credit ("HELOC") he obtained in 2007 from Defendant JP MORGAN CHASE BANK, N.A. ("Defendant").  In October 2010, Plaintiff filed a chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the Central District of California.  In both his original *and* amended bankruptcy schedules, Plaintiff identified the HELOC as secured by a Deed of Trust ("DOT") that encumbered real property located at 1737 Wellesley Drive, Santa Monica, CA 90405 (the "Property").  On April 13, 2013, the bankruptcy court discharged Plaintiff's petition.  Approximately two years after having enjoyed the benefits of a bankruptcy discharge, Plaintiff has initiated the instant suit in which he seeks to void the HELOC and Defendant's secured interest therein.  However, the applicable law does not support the Complaint or its three asserted causes of action.

First, Plaintiff is judicially estopped from pursuing a post-bankruptcy lawsuit based on pre-petition claims because he failed to schedule the Complaint's three causes of action in his bankruptcy schedules.  Second, Plaintiff twice affirmed the HELOC's validity as a secured claim in his bankruptcy schedules.  Third, any claim seeking to invalidate the HELOC is necessarily time-barred.  Finally, Plaintiff has failed to join his wife and co-borrower, Linda Yu ("Co-Borrower") to the instant action.  Accordingly, Plaintiff's complaint fails as a matter of law.  Defendant therefore requests that Plaintiff's Complaint be dismissed with prejudice.

### II.   FACTS AS SUPPORTED BY PLAINTIFF'S SWORN FILINGS & THE PUBLIC RECORD

On or about November 29, 2006, Plaintiff and Co-Borrower executed the HELOC with Defendant.  (*See* Defendants' Request for Judicial Notice ("RJN") Ex. 1).  The HELOC was secured by the DOT encumbering the Property and contained a power of sale provision that permitted the beneficiary or its assigns to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 24599373.1

1

NOTICE OF HEARING AND MOTION TO DISMISS

sell the Property in the event of a default.  (*See id.*).

The HELOC DOT provided Plaintiff and Co-Borrower with a revolving credit line in the amount of $250,000 that Plaintiff and Co-Borrower could draw upon at their discretion.  (*See id.*).  On October 13, 2010, Plaintiff and Co-Borrower filed a voluntary chapter 13 petition in the U.S. Bankruptcy Court for the Central District of California as Bankruptcy Case No. 2:10-bk-53996-EC.  (*See* RJN. Ex. 2).  On October 29, 2010, Plaintiff and Co-Borrower filed bankruptcy schedules with the court in which they disclosed under penalty of perjury that Defendant held two secured claims each in the amount $250,000.  (*See* RJN. Ex. 3).  One of these claims related to the HELOC at issue in the instant matter.  (*See id*, p. 9).  Furthermore, none of the original bankruptcy schedules contained any indication that Plaintiff or Co-Borrower disputed the HELOC's validity.  (*See gen., id.*).  On November 4, 2010, the bankruptcy court converted the chapter 13 case to chapter 7 pursuant to 11 U.S.C. § 1307(a).  (*See* RJN. Ex. 4).  On December 23, 2010, Plaintiff and Co-Defendant filed amended bankruptcy schedules in which they again identified under penalty of perjury Defendant's secured interest in the HELOC.  (*See* RJN. Ex. 5).  As with the original schedules, none of the amended schedules contained any indication that Plaintiff or Co-Borrower disputed the HELOC's validity.  (*See gen., id.*).  On April 4, 2011, the bankruptcy court granted Defendant's *unopposed* Motion For Relief From The Automatic Stay Under 11 U.S.C. § 362.  (*See* RJN. Ex. 6).  Pursuant to the bankruptcy court's order "Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law…" (*See id*.).  On April 13, 2011, the bankruptcy court granted Plaintiff and Co-Borrower a discharge of debts under 11 U.S.C. § 727 and further closed the matter on May 19, 2011.  (*See* RJN. Exs. 7-8).

///

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 24599373.1                                          2

NOTICE OF HEARING AND MOTION TO DISMISS

## III.   LEGAL STANDARD

Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) test the legal sufficiency of the Complaint.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Mere "labels and conclusions" and/or "formulaic recitation[s] of the elements of a cause of action" will not suffice to overcome a motion to dismiss.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007).  Rather, Plaintiff must allege sufficient facts to state a claim that is "plausible on its face…allow[ing] the court to draw the reasonable inference that [Defendant is] liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

## IV.   THIS ACTION IS BARRED BY THE DOCTRINE OF JUDICIAL ESTOPPEL.

Plaintiff and Co-Borrower failed to disclose their claims to void the HELOC on their bankruptcy schedules and are therefore estopped from bringing this action. On October 29, 2010, Plaintiff and Co-Borrower filed their original bankruptcy schedules and on December 23, 2010, they filed amended schedules wherein they voluntarily disclosed their interest in the Property and the amount of JPMC's secured claim by way of the HELOC.  (*See* RJN Ex. 3 [Schedule A at Item No. 1; Schedule D at Items # 2 and 3] and Ex. 5 [Schedules A and D]).  On both the original and the amended personal property schedules (Schedule B), which ask the debtor in Item 21 to describe and estimate the value of "[o]ther contingent or unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims" Plaintiff and Co-Debtor did not list any claim against or any right to setoff against Defendant in either the original or amended Schedule B.  (*See* RJN Ex. 3 [Schedule B at Item No. 21] and Ex. 5 [Schedule B at Item No. 21].)  Furthermore, Plaintiff and Co-Debtor did not put forth any challenge to the HELOC's validity nor did they state anywhere in their schedules that the HELOC was against public policy, unlawful or unconscionable.  (*See id.*). Plaintiff and Co-Borrower also declared, under penalty of perjury that the schedules were true and correct to the best of their knowledge.  (*See id.*).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 24599373.1                                                    3

NOTICE OF HEARING AND MOTION TO DISMISS

A.    **Plaintiff Did Not Disclose Any Adversarial Challenge To The HELOC'S Validity In His Bankruptcy Schedules.**

Pursuant to the Fed. Bankr. Code, "The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: (1) ...all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541; *see also Cusano v. Klein*, 264 F.3d 936, 945-946 (9th Cir. 2001) (assets of plaintiff's bankruptcy estate include prepetition causes of action); *Vertkin v. Wells Fargo Home Mortg.*, 2010 U.S. Dist. LEXIS 94105 (N.D. Cal. 2010) (property of bankruptcy estate included claims of wrongful foreclosure).

The bankruptcy estate is administered by a trustee, who is obligated to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest" 11 U.S.C. § 704. Subject to certain exemptions, a "trustee in bankruptcy succeeds to all causes of action held by a debtor at the time a bankruptcy petition is filed." *In re Degenaars*, 261 B.R. 316, 319 (Bankr. M.D. Fla. 2001). The trustee not only stands in the shoes of the debtor, but the trustee holds the exclusive right to sue on behalf of the bankruptcy estate. *See O'Halloran v. First Union Nat. Bank of Florida*, 350 F.3d 1197, 1202 (11th Cir. 2003). "The debtor has a duty to prepare schedules carefully, completely, and accurately." *Cusano*, 264 F.3d at 946; *see also In re Coombs*, 193 B.R. 557 (Bankr. S.D. Cal. 1996). Schedules are to be complete, thorough and accurate so that creditors may judge for themselves the nature of the debtor's estate. *See Coombs*, 193 B.R. at 563.

Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate. *See Vreugdenhill v. Navistar Intl Transp. Corp.*, 950 F.2d 524, 526 (8th Cir. 1991). When a trustee is unaware of an accrued right of action

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

and, as a consequence, it is neither abandoned nor administered in the bankruptcy nor the subject of a court order, it remains the property of the estate. *See, e.g., First Nat'l Bank v. Lasater*, 196 U.S. 115, 119 (1905).

Case law makes clear that a debtor lacks legal capacity to subsequently assert title to and pursue an unscheduled claim simply because a trustee, without knowledge of the claim, took no action with respect to it. *See, e.g., Stein v. United Artists Corp.*, 691 F.2d 885, 893 (9th Cir. 1982); *see also In re Lopez*, 283 B.R. 22, 28 (9th Cir. BAP 2002).

Courts have consistently dismissed litigation brought by a party who previously filed for bankruptcy, received a discharge or plan confirmation, but failed to disclose an existing cause of action on his bankruptcy schedules, and who now sues on that cause of action. The debtor is barred by judicial estoppel and such claims remain property of the bankruptcy estate. *See In Hernandez v. Downey S&L Ass 'n*, 2009 U.S. Dist. LEXIS 21495, 9-11 (S.D. Cal. 2009). Specifically:

> "The act of filing a petition for relief under the Bankruptcy Code begins a bankruptcy case and creates an estate in bankruptcy. *See* 11 U.S.C. §§ 301(b) ("The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.") and 541 (governing the property of a bankruptcy estate). The property of a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (2009). It is well settled that prepetition causes of action, including TILA claims, are assets included within the meaning of property of the estate. *See In re Smith*, 640 F.2d 888, 890 (7th Cir. 1981) ("there is no question ...that the [bankruptcy] estate includes causes of action such as [] truth-in-lending claims. . . ."); *Rowland v. Novus Fin. Corp.*, 949 F.Supp. 1447, 1453 (D. Haw. 1996); *accord Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001) (assets of plaintiff's bankruptcy estate included prepetition causes of action for unpaid royalties)." *Id*. at 9-10.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 24599373.1                                5

NOTICE OF HEARING AND MOTION TO DISMISS

In the context of mortgage-related litigation, it is well-established that a debtor's failure to disclose a lender liability cause of action in his bankruptcy schedules precludes the debtor from later litigating the claim. *See Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal.App.4th 1602, 1609-1614 (2011); *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001); *see also Neighbors v. Mortgage Electronic Registration System*, 2009 U.S. Dist. LEXIS 5302 (N.D. Cal. 2009) (non-judicial foreclosure began and Notice of Trustee's Sale recorded prior to homeowner's initiation of bankruptcy proceedings, and homeowner did not disclose claims against mortgagee as assets in bankruptcy proceeding, despite having knowledge of all the facts underlying the claims before filing for bankruptcy, so homeowner estopped from prosecuting claims: "Plaintiff has thus clearly taken inconsistent positions because she failed to list her claims against defendants as assets in the bankruptcy proceedings as she was required to do under. 11 U.S.C. § 521(1), and then later sued defendants on the same claims."). "The omission of a cause of action or claim from ... mandatory bankruptcy filings is tantamount to a representation that no such claim existed." *Gottlieb v. Kest*, 141 Cal.App.4th 110, 137 (2006).

In *Greenwich Investors XXVI, LLC*, the plaintiffs filed a civil action against their mortgage loan servicer, asserting breach of contract, fraud, and statutory violations arising out of the servicing of their mortgage loan. *See id.* at 1605-1606. The trial court sustained the defendant's demurrer without leave to amend, on the grounds that because the plaintiffs had failed to disclose the existence of their causes of action against the defendant in a previous bankruptcy proceeding, the claims were barred by the doctrines of *res judicata* and *judicial estoppel*. *See id.* at 1608. The court of appeal concluded that the demurrer was properly sustained, explaining:

> "[O]ne seeking benefits under the bankruptcy law must 'satisfy a companion duty to schedule, for the benefit of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 24599373.1

6

NOTICE OF HEARING AND MOTION TO DISMISS

creditors, all his interests and property rights.' 'The result of a failure to disclose [any litigation likely to arise in a nonbankruptcy context] triggers application of the doctrine of equitable estoppel, operating against a subsequent attempt to prosecute the actions.' Judicial estoppel, which 'applies to preclude a party from assuming a position in a legal proceeding inconsistent with one previously asserted,' also barred the plaintiff's lender liability claim.  The debtor's 'failure to list its claim against the bank worked in opposition to preservation of the integrity of the system which the doctrine of judicial estoppel seeks to protect'; the debtor's later lawsuit 'speaks to a position clearly contrary to its Chapter 11 treatment of the bank's claim as undisputed."

*Id*. at 1610 (*quoting Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414, 416-419 (3d Cir. 1988).  The *Greenwich Investors XXVI, LLC* court noted that the Oneida Motor Freight rule has routinely been applied in California courts, observing that "courts that have considered the effect of a debtor's failure to disclose a potential lender-liability lawsuit in a bankruptcy proceeding have universally held that the debtor is equitably estopped, judicially estopped or barred by *res judicata* from bringing the action after confirmation of the bankruptcy reorganization plan."  *Id.* (*quoting Billmeyer v. Plaza Bank of Commerce,* 42 Cal.App.4th 1086, 1091 (1995)).

Here, Plaintiff and Co-Borrower declared under penalty of perjury that the schedules they filed were true and correct, and they failed to list their claims against Defendant in answer to an express question about counterclaims and setoffs.  (*See* RJN Exs. 3, 5).  The Complaint shows that the events on which Plaintiff bases the instant causes of action allegedly occurred in 2007; approximately three years before he and Co-Borrower filed the bankruptcy proceeding.  (*See gen*., Compl.).  Therefore Plaintiff and Co-Borrower must have known of the facts allegedly justifying their causes of action against Defendant, yet

did not disclose them to the bankruptcy court at any time during the bankruptcy case's pendency.  Where a debtor fails to disclose a cause of action existing at the time of filing the bankruptcy petition, a later lawsuit on the omitted claim is barred. *See Gottlieb v. Kest* (2006) 141 Cal.App.4th 110, 136.

Furthermore, Plaintiff's claims of alleged pre-petition wrongdoing are the property of the bankruptcy estates and only the trustee can pursue them, meaning that Plaintiff lacks standing to do so.  *See Cassano,* 264 F.3d at 945 and *O'Halloran, infra.*  Moreover, case law has further made clear that "Bankruptcy schedules can constitute admissions under Fed. R. Evid. 801(d)(2)."  *Heath v. Am. Express Travel Related Servs. Co. (In re Heath),* 331 B.R. 424, 431 (9th Cir. B.A.P. 2005). *See also In re Lasky,* 364 B.R. 385, 390 (Bankr. C.D. Cal. 2007) ("It goes without saying that Debtors' schedules can constitute admissions.").  Here, failure to schedule the causes of action as an asset is an admission by Plaintiff that the causes of action are of no value.  Similarly, Plaintiff's voluntary disclosure of JPMC's secured interest in the Property should constitute an admission as to the validity of the HELOC agreement.  (*See id.*).

Finally, Plaintiff, not having truthfully disclosed his assets *(i.e.,* these causes of action) in his schedules and having received the benefit of a discharge from such misrepresentation, Plaintiff is now precluded by the doctrine of judicial estoppel from pursuing any challenge to the HELOC's validity.

**B.**   **Plaintiff Twice Scheduled The HELOC In His Bankruptcy Petition As A Valid Secured Claim And Is Now Precluded From Taking A Contrary Position.**

As Plaintiff *twice* voluntarily scheduled the HELOC as a valid claim, he is now judicially estopped from assuming a contrary position.  (*See* RJN Exs. 3, 5). Judicial estoppel, also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position.  *See Whaley v.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 24599373.1

8

NOTICE OF HEARING AND MOTION TO DISMISS

*Belleque* 520 F.3d 997, 1002 (9th Cir. 2008).  It is an equitable doctrine intended to protect the integrity of the judicial process by preventing a litigant from "playing fast and loose with the courts."  *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001); *Whaley*, 520 F.3d at 1002.  "In determining whether to apply the doctrine, [courts] typically consider (1) whether a party's later position is 'clearly inconsistent' with its original position; (2) whether the party has successfully persuaded the court of the earlier position, and (3) whether allowing the inconsistent position would allow the party to 'derive an unfair advantage or impose an unfair detriment on the opposing party."  *New Hampshire v. Maine*, 532 U.S. at 750-51.  These elements exist in the instant matter.

First, Plaintiff and Co-Borrower *twice* declared in their bankruptcy schedules under penalty of perjury that Defendant held a valid secured claim in the form of the HELOC.  (*See* RJN Ex. 3 [Schedule A at Item No. 1; Schedule D at Items # 2 and 3] and Ex. 5 [Schedules A and D]).  Plaintiff now contends that the HELOC was void *ab initio* as against public policy, unlawful and unconscionable.  (*See gen.*, Compl.).  Plaintiff's later position is therefore entirely inconsistent with the position he took over three years earlier in the bankruptcy case.  Furthermore, Plaintiff previously received the benefits of a bankruptcy discharge which was partially premised on his disclosure of the HELOC as a valid secured claim.  (*See* RJN Exs. 3, 5).  Moreover, the bankruptcy court already granted Defendant's *unopposed* motion for relief from the automatic stay.  (*See* RJN Ex. 6).  In its order, the court stated that "Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law…" (*Id.*).  If Plaintiff is not estopped from assuming a contradictory position, Defendant will be unfairly forced to re-litigate the issue of its right to foreclose which the bankruptcy court has already affirmed.

For the foregoing reasons, this suit is barred by the doctrine of judicial estoppel and should be dismissed with prejudice.

## V.  ANY CLAIM THAT CHALLENGE'S THE HELOC'S VALIDITY IS NECESSARILY TIME-BARRED.

The primary issue at bar is whether the HELOC agreement that Plaintiff executed in 2007 is valid.  (*See gen*., Compl.).  Plaintiff's grievances are therefore founded in contract.  However, any cause of action intended to challenge to the HELOC agreement's validity is necessarily barred by the applicable statute of limitations.

Pursuant to applicable case law, the statute of limitations defense may be asserted "if the complaint shows on its face that the statute bars the action."  *E-Fab, Inc. v. Accountants, Inc. Services*, 153 Cal.App.4th 1308, 1315 (2007) (citing 1 Schwing, Cal. Affirmative Defenses (2007) Statute of Limitations, § 25:78, p. 1609; *Bennett v. Hibernia Bank* 47 Cal.2d 540, 550 (1956)).  The limitations period commences when the cause of action accrues.  *See Cal. Code Civ. Proc*. § 312.  "Generally speaking, a cause of action accrues at the time when the cause of action is complete with all of its elements."  *E-Fab, Inc*., 153 Cal.App.4th at 1316.  Specific to the instant matter, any cause of action that is premised on a written contract, including a validity challenge, is subject to a four-year statute of limitations.  *See Cal. Code Civ. Proc*. § 337.

Each of the Complaint's three causes of action is based on Plaintiff's central allegation that the HELOC agreement was void *ab initio*.  (*See gen.*, Compl.)  The Complaint shows on its face that Plaintiff executed the HELOC agreement "on or about November 29, 2006" and that the HELOC DOT was recorded in Los Angeles County on May 7, 2007.  (*See* Compl. ¶ 51, 56).  Therefore, the purported wrongdoing that allegedly caused the HELOC agreement to be void *ab initio* occurred, if at all, as early as November 29, 2006 and no later than May 7, 2007.  Accordingly, each of the Complaint's three causes of action would have accrued - and the applicable statute of limitations period would have commenced - no later than May 7, 2007.  As such, the time for Plaintiff to file a claim seeking to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 24599373.1

10

NOTICE OF HEARING AND MOTION TO DISMISS

1   invalidate the HELOC agreement would have expired no later than <u>May 7, 2011</u>.

2   *See Cal. Code Civ. Proc*. § 337.  As Plaintiff filed his Complaint on December 16,

3   2013, any cause of action seeking to challenge the *written* HELOC agreement's

4   validity expired approximately three years prior to the commencement of this

5   lawsuit.  Assuming *arguendo* that the Complaint's three causes of action are

6   founded in fraud in the HELOC's origination, they are still time barred.  Under

7   California law, a fraud cause of action is subject to a three-year statute of

8   limitations.  *See Cal. Code Civ. Proc*. §§ 338 (a)-(d) and 340.  Similarly, Plaintiff

9   cannot rely on California's "catch-all" limitations period for actions not specifically

10  provided for by statute because such actions are subject to a four-year limitations

11  period.  *See Cal. Code Civ. Proc*. § 343.  Accordingly, the Complaint's three causes

12  of action are necessarily time-barred and fail as a matter of law.  Defendant

13  therefore requests that the instant action be dismissed with prejudice.

14  **VI.   <u>PLAINTIFF HAS FAILED TO JOIN HIS WIFE AS AN</u>**

15  **<u>INDISPENSIBLE PARTY TO THIS ACTION.</u>**

16          A complaint is subject to dismissal where an indispensable party is not

17  named.  *See* Fed. R. Civ. P. 19.  Pursuant to Fed.R. Civ. P. 19(a):

18              "A person who is subject to service of process and whose
19              joinder will not deprive the court of jurisdiction over the
                subject matter of the action shall be joined as a party in
20              the action if (1) in his absence complete relief cannot be
                accorded among those already parties, or (2) he [*6]
21              claims an interest relating to the subject of the action and
                is so situated that the disposition of the action in his
22              absence may (i) as a practical matter impair or impede
                his ability to protect that interest or (ii) leave any of the
23              persons already parties subject to a substantial risk of
24              incurring double, multiple, or otherwise inconsistent
                obligations by reason of his claimed interest."
25

26  *IBM Corp. v. Conner Peripherals*, 1994 U.S. Dist. LEXIS 2884, 5-6 (N.D. Cal.

27  1994); *see also Tracy Press, Inc. v. Superior Court*, 164 Cal.App.4th 1290, 1298

28  (2008) ("where the plaintiff seeks some type of affirmative relief which, if granted,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

would injure or affect the interest of a third person not joined, that third person is an indispensable party").  If an indispensable party is not joined, the parties are left exposed to the risk of inconsistent outcomes.  *See id.*

The HELOC DOT identifies "LINDA YU and JOHN ALFRED RITTER, wife and husband as joint tenants" as trustors.  (*See* RJN Ex. 1).  Thus, Linda Yu is an indispensible party.  If she is not joined, and her interests are not adjudicated in the present suit, Defendant is exposed to the possibility of additional lawsuits on the same matters, and potentially inconsistent outcomes.  Therefore, this action should not be allowed to proceed in Mrs. Yu's absence.  *See Fletcher Aircraft Co. v. Bond*, 77 F.R.D. 47, 52 (C.D. Cal. 1977)("If he has not been so joined, the court shall order that he be made a party."); *see also Washington Mut. Bank v. Blechman*, 157 Cal.App.4th 662, 667 (2007) (A person must be joined in an action if his rights would be necessarily affected by the judgment).  Defendant's demurrer should therefore be sustained.

## VII.   PLAINTIFF HAS FAILED TO ATTACH THE SUBJECT PROMISSORY NOTE TO HIS PLEADINGS.

This entire lawsuit is premised on Plaintiff's challenge to the validity of a written promissory note.  (*See gen.*, Compl.).  However, it is well-settled that where a written instrument is the foundation of a cause of action, as in the instant matter, the terms must be pled exactly in *haec verba* by (1) attaching a copy as an exhibit and incorporating it by proper reference or (2) by setting out its terms verbatim in the body of the complaint.  *See Otworth v. S. Pac. Transp. Co.*, 166 Cal.App.3d 452 (1985) , 459; *Harris v. Rudin, Richman & Appel*, 74 Cal.App.4th 299, 307 (1997); *Holly Sugar Corp. v. Johnson*, 18 Cal.2d 218, 225 (1941); *Wise v. Southern Pacific Co.*, 223 Cal.App.2d 50, 59 (1963).  However, where a party relies in his complaint upon a contract in writing, and it affirmatively appears that all of the terms of the contract are not set forth exactly in *haec verba*, nor stated in their legal effect or attached as an exhibit, but that a portion has been omitted, the complaint is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 24599373.1                                            12

NOTICE OF HEARING AND MOTION TO DISMISS

insufficient.  *See Gilmore v. Lycoming Fire Ins. Co.*, 55 Cal. 123, 124 (1880); *Byrne v. Harvey*, 211 Cal.App.2d 92, 103 (1962); *Holly Sugar Corp. v. Johnson*, 18 Cal.2d 218, 225 (1941).

Plaintiff has alleged that the promissory note that he executed at some time between 2006 and 2007 was void *ab initio* for illegality, unconscionability and public policy reasons.  (*See gen*., Compl.).  However, Plaintiff has not attached any written promissory to his complaint nor has he alleged its terms verbatim anywhere in his pleadings.  (*See id*.).  Instead, Plaintiff has selectively scattered the alleged promissory note's terms throughout the body of the Complaint.  (*See e.g*., Compl. ¶ 58).  The applicable legal standard, however, requires much more than a mere abbreviated version of an alleged written agreement and Plaintiff has put forth no authority that would allow him to circumvent such a standard.  *See Otworth*, 166 Cal.App.3d at 459.  Because Plaintiff has failed to provide this Court with a copy of the alleged promissory note or set out its terms verbatim, Plaintiff has not satisfied the pleadings burden to sustain a challenge to the purported promissory note.  *See Otworth*, 166 Cal.App.3d at 459.

## VIII.  PLAINTIFF'S INDIVIDUAL CAUSES OF ACTION FAIL.

### A.    Plaintiff Fails To State Any Cognizable Cause Of Action.

Plaintiff claims that the promissory note was void *ab initio*, because its terms were (1) against public policy; (2) unlawful and (3) unsconscionable.  (*See gen*., Compl.).  However, Plaintiff's allegations are insufficient to state any cause of action.  Claims of contract invalidity based on illegality and unconscionability are not independent cause of action, but rather affirmative defenses to contract formation.  *See Chin v. Advanced Fresh Concepts Franchise Corp.,* 194 Cal.App.4th 704, 708 (2011); *Gelb v. Benjamin*, 78 Cal.App.2d 881, 884 (1947); *Hartley v. Superior Court*, 196 Cal.App.4th 1249, 1257 (2011).  As Defendant has not filed suit to enforce the HELOC, Plaintiff cannot raise an offensive claim based on unconscionability or illegality.  Furthermore, and as stated *supra*, any contract-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 24599373.1                              13

NOTICE OF HEARING AND MOTION TO DISMISS

based action based on the alleged promissory note's formation is necessarily time barred.  *See Cal. Code Civ. Proc.* § 337.  Insofar as Plaintiff seeks to invoke a 2011 U.S. Senate report as illustrative of Defendant's alleged anti-public-policy lending practices, such an attempt is entirely without foundation.  (*See* Compl. ¶ 79).  The passage that Plaintiff quotes from the alleged report relates entirely to Washington Mutual Bank, N.A. ("WaMu").  (*See id*.).  However, Plaintiff readily admits that the HELOC at issue in this matter was originated by Defendant; not WaMu.  (*See e.g.*, Compl. ¶ 51).  Therefore, the alleged 2011 U.S. Senate report is entirely irrelevant in this matter.

**B.      Plaintiff Admits To Executing The Loan Documents And Is Therefore Imputed With Knowledge Of The HELOC's Terms.**

Plaintiff cannot claim unfamiliarity with the loan's terms which were contained throughout the loan documents for him to review at closing.  (*See e.g.*, Compl. ¶¶ 51-52).  If Plaintiff failed to familiarize himself with the HELOC's provisions, the law holds that he only has himself to blame.  "[A] party who signs a contract cannot complain of unfamiliarity with the language of the instrument."  *Pac. State Bank v. Greene*, 110 Cal.App.4th 375, 393 (2003).  "[U]nreasonable reliance on [another party's] misrepresentations, resulting in a failure to read a written agreement before signing it, is an insufficient basis… for permitting that party to void the agreement."  *Id.*  Where documents in a loan transaction clearly indicate the loan terms, "there [is] no need for the [lender] to explain what [is] stated in black and white."  *Kim v.Sumitomo Bank*, 17 Cal.App.4th 974, 981 (1993).  Moreover, Plaintiff cannot now claim unfamiliarity with the terms and features of a typical HELOC, as he himself admits that he had a pre-existing HELOC with WaMu that was secured in 2005.  (*See* Compl. ¶ 49; RJN Exs. 3 and 5 – Schedules D).  At a minimum, Plaintiff cannot allege lack of general knowledge of a HELOC's features.

To the extent that Plaintiff seeks to void the HELOC on legality grounds,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 24599373.1                                                14

NOTICE OF HEARING AND MOTION TO DISMISS

Plaintiff has failed to put forth any credible allegations of illegality.  Without putting forth any substantive legal support, Plaintiff contends in a conclusory manner that "…it is illegal and a violation of the Financial Code to originate loans to borrowers …who cannot under any circumstances repay the loan…" (*See* Compl. ¶ 92).  However, deductions of law and fact must be disregarded. *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988(9th Cir. 2001).  Furthermore, Plaintiff's pleadings indicate a fundamental misunderstanding of applicable precedent.  "A lender has no duty to disclose its knowledge that the borrower's intended use of the loan proceeds represents an unsafe investment." *Nymark v. Heart Fed. Sav. & Loan Ass'n,* 231 Cal.App.3d 1089, 1096 (1991)*; Wagner v. Benson*, 1101 Cal.App.3d 27, 34 (1980) (noting that a lender owes no duty of care in approving a loan); *Perlas v. GMAC Mortgage, LLC*, 187 Cal.App.4th 429, 436 (2010) ("A lender is under no duty to determine the borrower's ability to repay the loan.  The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection.").  Borrowers such as Plaintiff must rely on their own judgment and risk assessment in deciding whether to accept the loan and whether they have the means to repay it once it comes due. *See Perlas,* 187 Cal.App.4th at 436.  It is simply not tortious or illegal for a commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not paid. *See Ragland v. U.S. Bank National Assn*., 209 Cal.App.4th 182, 205 (2012).  If Plaintiff is unsatisfied with the HELOC's terms, he could have not only asked for a loan with different terms but also could have applied for a loan with other lenders.  However, nothing in Plaintiff's pleadings suggest that the HELOC's terms were illegal.  Accordingly, Plaintiff's unsupported allegations should be disregarded and this entire matter dismissed with prejudice.

///

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 24599373.1

15

NOTICE OF HEARING AND MOTION TO DISMISS

**C.**   **Plaintiff Has Not Alleged Underlying Unsconscionability Of Contract.**

Insofar as Plaintiff claims that certain provisions of the promissory note are "unconscionable" any such claim fails for several reasons. (*See* Compl., ¶¶ 74-75). First, Plaintiff has not attached any promissory note to his Complaint. Therefore Defendant is unable to surmise as to what terms Plaintiff has deemed as unconscionalble – nor should Defendant be required to do so. As further stated *supra*, unconscionability is not a recognized claim but rather a defense to enforcement of a contract and any contract claim that Plaintiff may assert is necessarily time-barred. *See Chin*, 194 Cal.App.4th at 708; *Cal. Code Civ. Proc*. §§ 337; 343. Even if Plaintiff could assert an unconscionability claim, he must plead a proper cause of action. California's courts have interpreted the term "unconscionable" to include both procedural and substantive elements. *See Armendariz v. Foundation Health Psychare Services, Inc.*, 24 Cal.4th 83, 114 (2000). The procedural element focuses on oppression and surprise. *See Discover Bank v. Superior Court*, 36 Cal.4th 148, 160 (2005). "Oppression" means an inequality of bargaining power resulting in an absence of meaningful choice. *See Bruni v. Didion*, 160 Cal.App.4th 1272, 1288 (2008). "Surprise" involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in a prolix printed form drafted by the party seeking to enforce the disputed terms. *See Bruni*, 160 Cal.App.4th at 1289. The substantive element of unconscionability "focuses on the actual terms of the agreement and evaluates whether they create 'overly harsh' or 'one-sided' results as to 'shock the conscience.'" *Id*.

Plaintiff fails to allege procedural or substantive unconscionability. First Plaintiff does not properly allege that he lacked bargaining power or the ability to simply walk away from the HELOC at origination. As stated, Plaintiff could have secured a loan from another lender or undertaken an entirely different loan product. Plaintiff further fails to allege hidden loan terms, nor can he. Rather, Plaintiff

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

alleges that he was afforded a full and fair opportunity to review the loan agreement before he signed it - but chose not to do so. (*See e.g.*, Compl. ¶¶ 50-52). Plaintiff should not now be permitted to void a loan agreement merely because he is only now learning of the loan terms he agreed to seven years earlier. As a result, Plaintiff has not alleged oppression or surprise necessary to show procedural unconscionability.

Similarly, Plaintiff has not alleged substantive unconscionability because he fails to specifically allege the loan terms that he deems unconscionable. Rather, Plaintiff again states in conlusory manner that it was substantively unconscionable "to sell Ritter a loan when the payment was added to the payments on his existing first and second loans, brought total monthly payments of four times more than Ritter's monthly employment income." (*See* Compl. ¶ 103). However, applicable precedent directly contradicts Plaintiff's argument. A lender in a simple arm's length loan transaction does not assume the role of a credit counselor. *See Perlas*, 187 Cal.App.4th at 436. Moreover, a lender is not legally required to advise a borrower as to his potential ability to afford a particular type of loan at some point in the future. *See Bank of America Corp. v. Superior Court*, 198 Cal. App. 4th 862, 871-872 (2011). Furthermore, the HELCO at issue was not a traditional purchase money mortgage, but was rather a <u>line of credit</u> that Plaintiff could draw upon *at his discretion*. *See Fayroyan-Mezhlumyan v. Wells Fargo Bank, N.A.*, 202 Cal.App.4th 195, 204 (2011). Plaintiff was entirely in control as to the amount of debt he wished to incur at any one time. Defendant should not be held liable for any alleged injury Plaintiff may have incurred due to his overextended use of credit.

Insofar as Plaintiff may rely on the holding in *Loan v. Citibank, N.A.* for the proposition that the loan agreement is procedurally unconscionable because it is an adhesion contract, Plaintiff's reliance is misplaced. *See* 202 Cal.App.4th 89 (2011); (Compl. ¶¶ 94-100). First, Plaintiff has not attached any loan agreement to his pleadings. Therefore, it is entirely uncertain as to whether the loan agreement was

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 24599373.1                                    17

NOTICE OF HEARING AND MOTION TO DISMISS

indeed an adhesion contract.  Furthermore, the facts in *Lona* are entirely distinguishable from the instant matter.  In *Lona*, the borrower-plaintiff was a non-English speaker who executed loan documents prepared by his fiduciary that were not in his native language.  *See Lona*, 202 Cal.App.4th at 89.  Furthermore, the plaintiff earned four times less than the actual loan payments *at the time of origination*.  *See id.*  In the instant matter, Plaintiff does not allege that Defendant was his fiduciary nor does he allege that the loan documents were in any language other than his native tongue.  Furthermore, Plaintiff has not alleged that the loan at issue was a purchase money mortgage as in *Lona*, nor does he allege the amount of his income at origination or the payments that he was required to remit.  As stated *supra*, the HELOC was a line of credit.  If Plaintiff ultimately accumulated debt in an amount that was greater than his income, it is due entirely to his over use of a credit line.  Furthermore, Plaintiff cannot now claim unfamiliarity with the terms and features of a typical HELOC, as he himself admits that he had a pre-existing HELOC with WaMu that was secured in 2005.  (*See* Compl. ¶ 49; RJN Exs. 3 and 5 – Schedules D).

Thus, Plaintiff has wholly failed to allege facts sufficient to establish underlying unsconscionability.  Accordingly, Plaintiff's complaint should be dismissed with prejudice.

## IX.  PLAINTIFF SHOULD NOT BE GIVEN LEAVE TO AMEND

As discussed throughout this motion, this entire lawsuit is barred by the doctrine of judicial estoppel.  Furthermore, all of Plaintiff's causes of action are necessarily time-barred and fail as a matter of law.  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir, 1995).  A n amendment would be "futile" because there is no set of facts can be proven which would overcome judicial estoppel or the applicable statute of limitations.  *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Finally, all of Plaintiff's claims are ill-pled and unsupported by applicable

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 24599373.1                                    18

NOTICE OF HEARING AND MOTION TO DISMISS

law.  Accordingly, Defendant respectfully requests that this Court dismiss the instant Complaint with prejudice.

## X.  **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

Dated: January 23, 2014                    **Respectfully submitted,**

                                           **MORGAN, LEWIS & BOCKIUS LLP**


                                           By: /s/ *Joseph V. Quattrocchi*
                                           JOSEPH V. QUATTROCCHI
                                           Attorneys for Defendant
                                           JP MORGAN CHASE BANK, N.A.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 24599373.1

19

NOTICE OF HEARING AND MOTION TO DISMISS

**PROOF OF SERVICE**

I, Victoria L. Rader, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132. On January 23, 2014, I served a copy of the within document(s):

**DEFENDANT JPMORGAN CHASE BANK, N.A'S NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Robert B. Norum
Senior Counsel
Northwest Trustee Services, Inc.
1241 E. Dyer Road, Suite 250
Santa Ana, CA 92705
rnorum@northwesttrustee.com

Executed on January 23, 2014, at Los Angeles, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Victoria L. Rader*

Victoria L. Rader

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 24599373.1

20